IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITE HERE, LOCAL 1, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 15 C 4507 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| HYATT CORPORATION, d/b/a Hyatt Regency | ) | |
| Chicago, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Unite Here Local 1 has brought a one count complaint against defendant Hyatt

Corporation, d/b/a Hyatt Regency Chicago, seeking an order confirming two final and binding

arbitration awards. Defendant responded by moving to compel arbitration or, in the alternative,

for judgment on the pleadings. Plaintiff then filed its own motion for judgment on the pleadings.

Because plaintiff's motion attached an affidavit, defendant moved to convert it to a motion for

summary judgment. For the reasons described below, plaintiff's motion is granted and

defendant's motions are denied.

## BACKGROUND

Defendant is a convention hotel that hosts organizations requiring large amounts of

meeting space and sleeping rooms. Plaintiff and defendant are parties to a collective bargaining

agreement ("CBA") that provides for, among other things, arbitration of disputes pertaining to

violations of or involving the interpretation of the CBA that cannot be resolved by the

agreement's grievance procedure. Beginning in November 2013, plaintiff filed four grievances

claiming violations of Section 56 of the CBA, which provides that: "supervisory personal shall

not perform work normally performed by bargaining unit employees except in the case of

emergency." After the grievance process was unsuccessful, the parties proceeded to arbitration before two separate arbitrators, each hearing two grievances.

The first two grievances, dated November 21, 2013 and February 24, 2014, allege that supervisors were performing bargaining unit work in the Convention Services Department, which is responsible for the "set up," "tear down," and "refreshing of defendant's banquet rooms." On February 2, 2015, arbitrator Fleischli, who heard the grievances, issued an order holding that: (1) the term "emergency" was ambiguous; (2) some of plaintiff's allegations were unfounded because the facts demonstrated an emergency under Section 56; and (3) some of the allegations were founded and constituted violations of Section 56. Arbitrator Fleischli did not order any monetary relief because he found that plaintiff had followed "a practice of lax enforcement," and because there was a lack of agreement as to what constituted an "emergency." Arbitrator Fleischli defined an emergency for purposes of Section 56 as an "unforseen combination of circumstances or the resulting state that calls for immediate action," and ordered defendant to cease and desist from violations of Section 56 of the CBA.

The November 5, 2013, grievance alleging that supervisory personnel were performing Bellman work, and the March 18, 2014, grievance alleging a continuing violation of supervisors performing work in all of the hotel divisions were heard by arbitrator Kenis. Arbitrator Kenis performed an independent analysis of arbitrator Fleischli's award and decided to use his definition of emergency. On March 1, 2015, arbitrator Kenis found that some of the alleged incidents constituted emergencies and others constituted violations of Section 56. She awarded one hour of pay at the overtime rate for each occasion when a manager performed less than one hour of bargaining unit work and one hour of pay at the overtime rate for each hour a manager

performed bargaining unit work when the manager worked for more than one hour.  Like

Fleischli, arbitrator Kenis ordered defendant to "cease and desist" from future violations of

Section 56 of the CBA.

The instant complaint alleges that despite the two arbitration awards, defendant continues

to violate Section 56.  The complaint lists 41 instances in which managers were allegedly

performing bargaining unit work in various hotel departments.  Plaintiff has filed grievances with

respect to at least two of the 41 alleged incidents.

## DISCUSSION

Plaintiff's complaint seeks confirmation by the court of the two arbitration awards.

Judicial review of arbitration awards is extremely limited, and the merits of the arbitrator's

decision will not be reviewed.  See Major League Baseball Players Ass'n v. Garvey, 532 U.S.

504, 509 (2001).  "A reviewing court will enforce the arbitrator's award so long as it draws its

essence from the contract, even if the court believes the arbitrator misconstrued its provisions."

United Food & Commercial Workers, Local 1546 v. Illinois American Water Co., 569 F.3d 750,

754 (7th Cir. 2009).  "An arbitrator's decision draws its essence from the contract if it is based on

the arbitrator's interpretation of the agreement, correct or incorrect though that interpretation may

be."  Id.  "The question before a federal court is not whether the arbitrator or arbitrators erred in

interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not

whether they grossly erred in interpreting the contract; it is whether they interpreted the contract."

Brotherhood of Locomotive Engineers & Trainmen, Gen. Comm. of Adjustment, Central Conf.

v. Union Pacific R.R. Co., 719 F.3d 801, 803 (7th Cir. 2013).  Only when the arbitrator must

have based the award on some "body of thought, feeling, or policy, or law that is outside the

contract" can the award be said not to draw its essence from the agreement. United Food, 569 F.3d at 755.

In the instant case, the arbitrators were undoubtedly interpreting Section 56 of the CBA when they issued their awards. There is nothing in either award that suggests the arbitrators disregarded the contractual language and dispensed their own brand of justice. Instead, they interpreted the contract, applied that interpretation to the facts presented, and reached a conclusion. "In short, [they] provided exactly what the parties bargained for." Id.

Defendant does not really argue that the awards do not draw their essence from the contract, or that the awards are invalid.[1] Instead, citing United Elec. Radio & Machine Workers v. Honeywell, Inc., 522 F.2d 1221, 1225-27 (7th Cir. 1975), and United Mine Workers of America v. Inland Steel Coal Co., 876 F.2d 1288, 1294-97 (7th Cir. 1989), defendant argues that courts in the Seventh Circuit do not enforce arbitration awards involving prospective relief absent a showing that, (1) the incidents at issue in the awards are "substantially identical" to those at issue in the lawsuit, and (2) the defendant's conduct constitutes a persistent and wilful disregard of the award. Neither case supports defendant's position, however, because neither involved an arbitration award that included prospective relief.

In Honeywell, four arbitrators had issued separate rulings that the employer had violated the CBA by assigning bargaining unit work to supervisors and outside contractors. The awards ordered make-whole relief with which the employer fully complied by making the affected employees financially whole. None of the awards contained a "cease and desist order" or any

---

[1]Defendant never sought to vacate either award, and its 90 day time limit to do so has passed. See Int'l Union of Operating Engineers, Local 150 v. Centor Contractors, Inc., 831 F.2d 1309, 1311 (7th Cir. 1987).

other form of prospective relief.  Because the employer continued to violate the same CBA provisions, the union continued to file grievances, and then filed suit seeking a "variety of declaratory, injunctive, and monetary remedies."  The union sought injunctions requiring the employer to follow certain specific contractual provisions concerning the assignment of work and to prevent assignment of work outside the bargaining unit without prior union approval.

Noting the unusual nature of the union's claim, the Seventh Circuit stated "it is most unusual to find a party seeking the right to bypass arbitration procedures which it is contractually bound to follow and which are concededly applicable to the particular incidents generating disputes."  Honeywell, 522 F.2d at 1225.  Although indicating that such a claim might be sustainable if properly alleged, the court rejected the union's claim because: (1) it had not (and could not) allege it had sought to aggregate its grievances in a single arbitration proceeding challenging the employer's course of conduct; (2) the union had failed to seek declaratory and injunctive relief from the arbitrators, making it unable to allege that such relief was unavailable in arbitration; and (3) the union had failed to allege that the factual basis of the four arbitration awards was "substantially identical" to the facts in the other grievances not yet presented for arbitration.  Id. at 1226.

In Inland Steel, the union received two arbitration awards finding that the employer had violated the CBA by sending workers home when "dead work" was available.  Each award ordered the employer to pay the affected workers straight time pay for the hours they missed.  Neither award granted a cease and desist order, although the union had requested one in the second arbitration.  Five years later, the employer allegedly sent workers home when dead work was available.  Instead of filing a grievance, the union filed suit, asking the court for specific

5

performance of the two arbitration awards. The complaint did not allege that the employer had not complied with the awards (it had made the back pay payments), but alleged a failure to comply with the awards in the subsequent disputes. Applying <u>Honeywell</u>, the Seventh Circuit refused to allow the union to bypass arbitration by granting prospective application to an arbitration award that did not contain such relief. <u>Id.</u> at 1296-97.

Both <u>Honeywell</u> and <u>Inland Steel</u> addressed situations were the plaintiff sought to bypass the mandatory arbitration process and go directly to federal court, and then asked that court to give prospective effect to arbitral awards that contained only backward-looking, make-whole remedies. It is under these circumstances that the plaintiff must establish: (1) that it sought to consolidate the grievances; (2) declaratory and injunctive relief was unavailable in the arbitration; and (3) that the factual basis of the prior awards is "substantially identical" to the facts of the subsequent dispute.

That, however, is not the instant situation. Here, plaintiffs sought and received prospective relief in the arbitration proceedings. Plaintiff is not seeking to bypass arbitration to ask the court to apply prospective relief to an award that contained no such relief. It is simply asking the court to confirm the award it has already received. Nothing in <u>Honeywell</u> or <u>Inland Steel</u> suggests that an arbitration award granting prospective relief cannot be confirmed. Indeed, they both suggest just the opposite. Consequently, plaintiff's motion for judgment on the pleadings is granted and the awards are confirmed.

## **CONCLUSION**

For the reasons stated above, plaintiff's motion for judgment on the pleadings (Doc. 24) is granted. Defendant's motion to compel arbitration or for judgment on the pleadings (Doc.12)

is denied.  Because the court's decision was not based in any way on the exhibits attached to plaintiff's motion, defendant's motion to convert (Doc. 33) is denied.


**ENTER:**          **November 13, 2015**

**Robert W. Gettleman**
**United States District Judge**